EDELMIRO DÍAZ PELLICIER, Petitioner and Appellant, *v.* GERARDO DELGADO, WARDEN OF THE STATE PENITENTIARY OF PUERTO RICO, Defendant and Appellee.

No. AP-62-16. Decided November 16, 1962.

*José Rafael Martínez* appointed as counsel by this Court for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Héctor R. Orlandi Gómez, Assistant Solicitor General,* for The People.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM.

In a petition for habeas corpus, appellant challenged the sentences which were imposed on him for the crimes of mayhem, as a subsequent offense, and carrying weapons, alleging that he did not have proper legal assistance during the trial which resulted in said convictions. The trial court denied the petition, and on appeal we appointed Lic. José Rafael Martínez to offer petitioner the necessary legal counsel.

The evidence presented shows that defendant was assisted during the hearing of the cases, by Lic. Diego E. Ramos, who conferred with him on two occasions before the trial; that appellant told him that he lacked witnesses for the defense, and he admitted the commission of the crime of mayhem; that in view of this situation, and after having been advised by the presiding judge of his right to a trial by jury and to present witnesses, he expressed his wish to declare himself guilty as he actually did; that as to the crime of carrying weapons, the trial was held, and as result of the evidence presented, the court declared him guilty.

All the circumstances considered, it can not be affirmed that appellant only had a defense pro forma. *People* v. *Muriel*, 57 P.R.R. 896 (1941), but that he was adequately represented during the course of the trial, *Hernández* v. *Delgado, Warden*, 82 P.R.R. 474 (1961) and cases cited therein.

The judgment rendered by the Superior Court, Arecibo Part, on May 4, 1959 will be affirmed.[1]

---

[1] The fact that more than two years elapsed before the record on appeal was sent to this Court is clearly unexplainable specially since the transcript of evidence merely consists of eight pages. The trial courts should see that in cases prosecuted in forma pauperis, the preparation of the transcript of evidence should not be unjustifiably delayed.